**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PAMELA A. NICHOLSON,

    Plaintiff,

v.                                              Case No. 02-CV-74021-DT

CITY OF WARREN,

    Defendant.

_____/

**ORDER DENYING PLAINTIFF'S
REQUEST FOR AN EXTENSION OF TIME TO FILE APPEAL**

On January 21, 2004, the court entered an "Order Granting In Part Defendant's 'Motion for Dismissal . . .' and Dismissing Plaintiff's Supplemental State Claim Without Prejudice" and issued a judgment against Plaintiff Pamela A. Nicholson. On January 26, 2004, Plaintiff filed a motion which was interpreted, in part, as a motion for reconsideration. The court denied this motion on February 6, 2004. On March 29, 2004, Plaintiff filed a "Ex Parte Motion to Appoint New Attorney," which the court interpreted, in part, as a motion for an extension of time to file an appeal. The court denied this motion as untimely on April 29, 2004. Plaintiff appealed this order and the Sixth Circuit Court of Appeals held that the motion was in fact timely, and remanded the case for the court to determine whether Plaintiff has shown "good cause" or "excusable neglect" for her failure to file a notice of appeal within the prescribed time. For the reasons stated below, the court concludes that Plaintiff's motion fails to demonstrate either "good cause" or "excusable neglect" and the court will therefore deny her request for an extension of time.

In order to grant Plaintiff's motion for extension of time to file a notice of appeal, the court must find that Plaintiff has demonstrated either good cause or excusable neglect to support her time extension request.  Fed. R. App. P. 4(a)(5)(A); *see also* Advisory Committee Note to 2002 Amendments to Fed. R. App. P. 4 (noting that under current version of the rule, movant can satisfy its burden by showing *either* good cause or excusable neglect).  In this case, the court finds that Plaintiff has failed to satisfy her burden.

In her March 29, 2004 "Ex Parte Motion to Appoint New Attorney," Plaintiff stated that she "wish[ed] to file an Appeal of this Honorable Court's DISMISSAL, and as stated in said Court's JUDGMENT, I am entitled to do so by law." (3/29/04 Motion at 5 (emphasis in original).)  Plaintiff further stated that she did not know if she was to file her appeal within 30 days of the judgment or within 60 days of the judgment, "due to the fact Defendant is a governmental entity." (*Id.*)  Plaintiff, apparently, was relying on Federal Rule of Appellate Procedure 4, which allows for 60 days to appeal when "the United States or its officer or agency is a party."  Fed. R. App. P. 4(a)(1)(B).  In this case, however, as even Plaintiff recognized, Defendant "is a local, and not [a] federal government" entity.  (3/29/04 Motion at 5.)  The court concludes that this reason, Plaintiff's asserted confusion as to which time period applied, does not constitute "good cause" or "excusable neglect."  Courts may hold pleadings filed by *pro se* litigants to a less stringent standard than those filed by lawyers, but the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *In re G.A.D., Inc.*, 340 F.3d 331, 335 (6th Cir. 2003) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) and

(quoting *McNeil v. United States*, 508 U.S. 106, 113 (1993)).  Plaintiff's alleged ignorance of procedural rules is not "good cause" or "excusable neglect" for her failure to follow them.

Plaintiff's alternative basis for a time extension is her assertion that she has been "stressed by these events, and ha[s] new medical challenges, including allergic reactions to antibiotics I was prescribed on February 17, 2004, (including one mild anaphylactic shock, requiring recent emergency room treatment); and have not had the 'energy' to proceed on my own."  (3/29/04 Motion at 5-6.)  Plaintiff further asserted that she was "not prepared to address Appeal ISSUES in a forceful, nor convincing manner to the Court of Appeals."  (*Id.* at 6 (emphasis in original).)  The court finds that Plaintiff's alleged medical conditions do not constitute "good cause" or "excusable neglect" so as to justify granting an extension of time to file an appeal.  The Sixth Circuit Court of Appeals has explained that, "[a]lthough not further defined in Rule 4(a)(5), the excusable neglect standard has consistently been held to be 'strict,' and can only be met in extraordinary cases."  *Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir. 1989).  Here, Plaintiff's situation does not qualify to be extraordinary and does not qualify as "excusable neglect."

Further, because Plaintiff has failed to give sufficient details regarding her alleged medical condition, the court finds that she has not demonstrated "good cause." While the court recognizes that, in certain circumstances, a lengthy or incapacitating illness *may* constitute "good cause," Plaintiff has failed to indicate how her particular illness prevented her from filing a notice of appeal or how it would justify granting a time extension to do so.  While Plaintiff states that she has been "stressed" and lacks the

3

energy to prepare an appeal, she does not give any further specification of the type of her illness or its duration. Further, although she states that she suffered an allergic reaction to a medication, she does not indicate the dates of her treatment for this reaction and whether her reaction was actually responsible for her failure to meet the appeal deadline. While the court recognizes that Plaintiff is a *pro se* litigant, her unspecified general "medical challenges" do not justify good cause for her failure to meet her responsibilities as a *pro se* litigant.

Because Plaintiff has failed to demonstrate either good cause or excusable neglect in her failure to effect a timely appeal, Plaintiff's request will be denied. Accordingly,

IT IS ORDERED that Plaintiff's request for an extension of time to file an appeal [found in Dkt. # 46] is DENIED.

    S/Robert H. Cleland                  
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: February 3, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 3, 2006, by electronic and/or ordinary mail.

    S/Lisa Wagner                           
Case Manager and Deputy Clerk
(313) 234-5522